UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA A. TORRES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                  /

Case No. 10-14450

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 30, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Theresa Torres ("Plaintiff") applied for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits on May 25, 2007, alleging that she became disabled on December 21, 2006. The Social Security Administration denied her claim at the initial administrative stages. At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Denise McDuffie Martin on February 17, 2010. In a decision dated May 18, 2010, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on September 19, 2010. Thus, the ALJ's decision became the final decision of Defendant Commissioner of Social Security ("Commissioner"). On November 8, 2010, Plaintiff filed this action, seeking judicial

review of the Commissioner's decision.

Plaintiff has moved for remand pursuant to sentence four of 42 U.S.C. § 405(g), while the Commissioner has moved for summary judgment. The Court has referred both motions to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B). On January 25, 2012, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") in which he concludes that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Magistrate Judge Whalen recommends that this Court deny Plaintiff's motion and grant the Commissioner's motion. At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object and seek review of the R&R within fourteen days of service upon them. R&R 19. Plaintiff filed objections to the R&R on February 3, 2012, and the Commissioner responded to Plaintiff's objections on February 16, 2012.

## I. Standard of Review

Under 42 U.S.C. Section 405(g):

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S.

2

389, 401, 91 S. Ct. 1420, 1427 (1971)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944.

## II. Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 21, 2006. A.R. at 13.

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

As stated in the R&R, Magistrate Judge Whalen found substantial evidence in the record

---

[2] The ALJ concluded that Plaintiff has the following severe impairments: bipolar disorder, post-traumatic stress syndrome, morbid obesity, adjustment disorder, lumbar radiculopathy, and left knee sprain. A.R. at 13.

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. A.R. at 14-16.

[4] The ALJ found that Plaintiff has the residual functional capacity to perform light work, except that she must avoid concentrated exposure to vibration and must never climb ladders, ropes, and scaffolds. In addition, the ALJ found that Plaintiff is limited to only occasional crawling, crouching, kneeling, stooping, balancing, and climbing of ramps and stairs. Due to her impairments, the ALJ concluded that Plaintiff is limited to unskilled simple, routine, repetitive, 1-2 step tasks with only intermittent interaction with supervisors, coworkers, and the general public. For these reasons, the ALJ found that Plaintiff is unable to perform her past relevant work as a cook / manager, sales attendant / stock clerk, clothes presser, and assembler. A.R. at 16-20.

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform. A.R. at 21. The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. A.R. at 22.

to support the ALJ's determination at each step.  Plaintiff has filed objections to the R&R.

Plaintiff objects to the R&R's analysis of the ALJ's hypothetical question to the vocational expert.  Magistrate Judge Whalen noted that while terms such as "unskilled work" and "simple work" are generally insufficient to account for moderate impairments in concentration, R&R 15, the ALJ also included limitations of "1-2 step tasks" and "only intermittent interaction with supervisors, coworkers, and the general public."  Magistrate Judge Whalen concluded that read cumulatively, these limitations adequately addressed Plaintiff's difficulties in concentration, persistence, or pace.

Plaintiff argues that even the addition of the "1-2 step task" limitation does not address concentration issues.  Magistrate Judge Whalen concluded that Plaintiff has failed to explain how moderate difficulties in concentration would preclude her work in the jobs identified by the vocational expert: off-line bench assembler, inspector, surveillance system monitor, and packager.  R&R 15-16.  Magistrate Judge Whalen noted that two of these jobs, inspector and monitor, do not require production quotas.  Although a specific pace may not be required, the ALJ's findings indicate concentration difficulties that might nevertheless preclude Plaintiff's performance of these jobs.  The ALJ noted Plaintiff's testimony that she is no longer capable of paying her bills due to impaired concentration and that she needs to write down verbal instructions due to memory problems.  A.R. at 15.  The ALJ concluded: "I therefore find that the claimant has moderate restriction in this area, as the evidence suggests her ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings is somewhat limited."  A.R. at 15.  It is not clear that the "1-2 step task"

5

limitation incorporates these impairments. The "1-2 step task" limitation appears to be directed at the complexity of Plaintiff's work, rather than her ability to maintain focus over a sustained period of time. Such sustained focus could be necessary in an employment situation. The Court concludes that the ALJ's hypothetical question failed to adequately account for Plaintiff's impairments.

Once the ALJ determined that Plaintiff lacked the residual functional capacity to perform her past work, the burden shifted to the Commissioner to show that Plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). "To meet this burden, there must be 'a finding supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs.'" *Id.* (quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)) (alteration in original). "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" *Id.* (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)) (alteration in original). Because the ALJ's hypothetical question failed to adequately account for Plaintiff's impairments, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Remand is therefore appropriate pursuant to sentence four of 42 U.S.C. § 405(g).

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) is **GRANTED**. The decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings in accordance with this Opinion and Order pursuant to sentence four of 42 U.S.C. § 405(g).

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:

John M. Morosi, Esq.
Andrew J. Lievense, A.U.S.A.