UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA A. TORRES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 10-14450

Honorable Patrick J. Duggan

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

In this action, Theresa Torres ("Plaintiff") challenges the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits. On March 30, 2012, this Court issued an Opinion and Order reversing the Commissioner's decision and remanding for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Presently before the Court is the Commissioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). For reasons set forth below, the Commissioner's motion is denied.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice & Procedure* § 2810.1 (2d ed. 1995)). "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary Cnty., Ky.,* 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)).

  The Commissioner argues that the opinion of Dr. Wayne Hill supports the ultimate conclusion reached by the Administrative Law Judge ("ALJ") that Plaintiff could perform a substantial number of jobs in the local economy despite her impairments. Dr. Hill found that Plaintiff retained the mental capacity to perform "step one and step two tasks on a sustained basis." A.R. at 371. The ALJ concluded, however, that Plaintiff suffered from moderate restrictions with respect to concentration, persistence, or pace.[1] The ALJ was thus required to include this impairment in her hypothetical question to the vocational expert. "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [the plaintiff's] individual physical and mental impairments.'" *Varley*

---

[1] The ALJ's decision stated:

> The claimant reported that she is no longer capable of paying her own bills due to her impaired concentration. She also reported recent difficulty with her memory, indicating a need to write down verbal instructions. I therefore find that the claimant has moderate restriction in this area, as the evidence suggests her ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings is somewhat limited.

A.R. at 15.

*v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)); *see also Siebert v. Comm'r of Soc. Sec.*, 105 F. App'x 744, 747 (6th Cir. 2004). This Court concluded that the ALJ's hypothetical question failed to adequately address Plaintiff's restrictions with respect to concentration, persistence, or pace. The Commissioner's motion has not shown a clear error of law, and instead seeks to relitigate this issue. The motion is therefore denied.

Accordingly,

**IT IS ORDERED** that the Commissioner's Motion to Alter or Amend Judgment is **DENIED**.

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:

John M. Morosi, Esq.
Andrew J. Lievense, A.U.S.A.